RECEIVED
NOV - 1 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| CRAIG JAMES FRANCOIS, SR. | CIVIL ACTION NO. 05-0719 |
| VS. | SECTION P |
| STATE OF LOUISIANA, ET AL. | JUDGE DOHERTY |
| | MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION

Currently before the court is a civil rights complaint filed by *pro se* plaintiff, Craig James Francois, Sr., pursuant to 42 U.S.C. §1983, on April 21, 2005. At the time Francois filed this complaint, he was an inmate in the St. Martin Parish Corrections Center (SMPCC) serving consecutive contempt sentences imposed in 2004 in connection with a state court civil proceeding. After filing the instant lawsuit, plaintiff was apparently released from custody associated with the contempt sentences. Francois names the State of Louisiana[1] and Judges Conery, DeMahy, Comeaux and Landry[2] of Louisiana's Sixteenth Judicial District Court as defendants.[3]

---

[1] Plaintiff names the State in the caption of his suit, but fails to make any allegations against the state in the body of his complaint.

[2] Judges Landry and Comeaux are not formally named in the complaint. However, plaintiff makes allegations against them in his pleading. Accordingly, the undersigned construes plaintiff's complaint as against these judges as well.

[3] Plaintiff also named his estranged wife, St. Martin Parish Sheriff's Deputy Carmen James. However, by separate Order, Ms. James has been dismissed on plaintiff's Motion.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## STATEMENT OF THE CASE

Plaintiff complains that Judge Connery did not appoint counsel for him and that as a consequence, he was tried, convicted, and sentenced on March 5, 2004 and again on May 12, 2004 "without any counsel ever being present." As a result, plaintiff contends that he was incarcerated from April 8, 2004 through November 17, 2004. Plaintiff further complains Judge Landry denied him bail and failed to appoint counsel for him resulting in his incarceration from April 3, 2004 until March 2004. At a third hearing, plaintiff complains that Judge Connery denied his request for appointment of counsel and sentenced him to six month consecutive sentences for violating a protective order. Finally, plaintiff complains that Judge DeMahy also held a hearing at which plaintiff was not represented by counsel. By this lawsuit, plaintiff seeks compensatory and punitive damages.

## LAW AND ANALYSIS

**1. Frivolity Review**

Plaintiff has been granted leave to proceed *in forma pauperis*. Under 28 U.S.C. §1915(e)(2)(B) and 28 U.S.C. §1915A(b)(1) and (2), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a

claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See also *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

**2. Sovereign Immunity**

Plaintiff's claim against the State of Louisiana is barred by the Eleventh Amendment. The Eleventh Amendment prohibits a citizen from suing his own state directly or through its agencies. *Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504 (1890); *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 908 (1984).

The Eleventh Amendment has been judicially interpreted as a bar to suits in federal court by a private party seeking to impose liability which must be paid with funds from the State Treasury. *Blatchford v. Native Village of Noatak*, 111 S.Ct. 2578 (1991); *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). The Eleventh Amendment stands for the "presupposition of our constitutional structure which it confirms: that the States entered the federal system with their sovereignty intact; that the judicial authority in Article III is limited by this sovereignty." *Blatchford*, 111 S.Ct. at 2580-81. Therefore, a state is not subject to suit in federal court. *Board of Trustees of the Univ. of Alabama v. Garrett*, 531 U.S. 356, 363, 121 S.Ct. 955, 962 (2001).

Congress did not abrogate the states Eleventh Amendment immunity by enacting §1983. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir.

1999) citing *Quern v. Jordan*, 440 U.S. 332, 345, 99 S.Ct. 1139, 1145 (1979); *Hutto v. Finney*, 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978). Therefore, the only avenue by which plaintiff may sue the State in federal court is if the State, by the most express language or by overwhelming implications, waives its immunity and thus, consents to be sued in federal court. *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 241, 52 L.Ed. 714 (1908); *Edelman v. Jordan*, 415 U.S. 651, 673, 94 S.Ct. 1347, 1360-61, 39 L.Ed. 2d 662, 678 (1974); *Brennan v. Stewart*, 834 F.2d 1248, 1251-53 (5th Cir. 1988). Clearly, Louisiana has not waived its Eleventh Amendment immunity. *Champagne*, 188 F.3d at 314 citing LSA R.S. 13:5106 (prohibiting suits against the State in any court other than a Louisiana state court). See also *Dagnall v. Gegenheimer*, 631 F.2d 1195 (5th Cir. 1980); *American Telephone and Telegraph Co. v. Madison Police Jury*, 465 F.Supp. 168 (W.D.La. 1977); *Delahoussaye v. City of New Iberia*, 937 F.2d 144 (5th Cir. 1991), *Kiper v. Louisiana State Bd. of Elementary and Secondary Education*, 592 F.Supp. 1343 (M.D.La.), *aff'd.* 778 F.2d 789 (5th Cir. 1985), *Usry v. Louisiana Department of Highways*, 459 F.Supp. 56, 63-64 (E.D. La. 1978) (the State's limited waiver of immunity in La. Const. art.12 §10 from suit in state court must not be misconstrued as a waiver of constitutional immunity under the Eleventh Amendment from suit against a state in federal court).

Thus, plaintiff's claims against the state of Louisiana are clearly subject to dismissal under the doctrine of sovereign immunity. Accordingly, plaintiff's claims against the State must be dismissed as frivolous, as failing to state a claim upon which

relief may be granted and as seeking monetary damages from a defendant who is immune from suit.[4]

## 3. Judicial Immunity

Plaintiff's suit against Judges Conery, DeMahy, Comeaux and Landry should be dismissed because these judges are entitled to absolute judicial immunity for their judicial acts as Louisiana state court judges. Thus, plaintiff's claims are not cognizable in this court. State court judges enjoy absolute judicial immunity from civil liability arising out of performance of their judicial duties[5], even if such judicial duties are taken in bad faith. *Mireles v. Waco*, 502 U.S. 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). This immunity applies even when the judge is accused of acting maliciously and corruptly. *Pierson*, 386 U.S. at 554, 87 S.Ct. at 1218. Additionally, a state court judge is absolutely immune from civil liability even if his exercise of authority is flawed by grave procedural errors or his failure to comply with the

---

[4] Moreover, §1983 prescribes redress for conduct by any "person" who, under color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. §1983. Thus, the defendant must be a "person" as contemplated under the statute. The Supreme Court has held that states, state agencies and state officials acting in their official capacity are not subject to suit under §1983 even in state court where the Eleventh Amendment would not bar suit because states are not considered "persons" liable under the statute. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). Accordingly, it appears that plaintiff has no action against the State of Louisiana.

[5] Acts are judicial in nature if they are (1) normal judicial functions, (2) that occurred in the judge's court or chambers and were (3) centered around a case pending before a judge. *Mireles, supra; Brewer v. Blackwell*, 692 F.2d 387, 396-397 (5th Cir. 1982).

elementary principles of due process. *Brandley v. Keeshan*, 64 F.3d 196, 200 (5th Cir. 1995); *Stump*, 435 U.S. at 355-360 (reversing the appellate court's determination that the judge forfeited his immunity "because of his failure to comply with elementary principles of due process" because the court over which the judge presided was one of general jurisdiction and the judge therefore did not act in "the clear absence of jurisdiction"). Although unfairness and injustice to a litigant may result on occasion, "it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act on his own convictions, without apprehension of personal consequences to himself." *Mireles*, 502 U.S. at 10, 112 S.Ct. at 287. "A judge will not be deprived of immunity because he was in error, took action maliciously or was in excess of his authority; rather he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Brandley*, 64 F.3d at 200; *Young v. Biggers*, 938 F.2d 565, 569 n. 5 (5th Cir. 1991). With respect to jurisdiction, the issue "is whether at the time [the judge] took the challenged action he had jurisdiction over the subject matter before him." *Stump*, 435 U.S. at 356-57, 98 S.Ct. at 1105.

Plaintiff complains of actions taken by Judges Conery, DeMahy, Comeaux and Landry while these judges presided over various state court proceedings involving the plaintiff. Thus, plaintiff's claims against these judges clearly arise out of the performance of their judicial duties. As a Louisiana District Court Judges, Judges Conery, DeMahy,

Comeaux and Landry had original subject matter jurisdiction to hear all state criminal and civil matters. La. Const. Art. 5 §16. These Judges were actively serving on the state court bench at the time of the complained of proceedings and were exercising the authority vested in them by the Constitution and statutory law of the State of Louisiana on cases pending before them in the court of general jurisdiction to which they were elected. Accordingly, it is clear that Judges Conery, DeMahy, Comeaux and Landry did not act "in the clear absence of all jurisdiction. Therefore, plaintiff's claims against Judge Conery, DeMahy, Comeaux and Landry should be dismissed as these defendants are judicially immune from suit for damages. Moreover, plaintiff's claims are without an arguable basis in law and should be dismissed with prejudice as frivolous. See *Krueger v. Reimer*, 66 F.3d 75, 76-77 (5th Cir.1995) (affirming dismissal on the basis of judicial immunity as frivolous). Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted and for seeking monetary relief against defendants who are immune from such relief in accordance with the provisions of 28 U.S.C. §1915(e)(2)(B)(i), (ii) and (iii) and 28 U.S.C. § 1915A(b)(1) and (2).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A

party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, this ___1___ day of _November_____, 2005.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

COPY SENT:
DATE: 11-1-05
BY: ____
TO: CMH
RFD